UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BERRY PLASTICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INTERTAPE POLYMER CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>) 3:10-cv- 76 RLY-WGH<br>) Civil Action No. _____<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Berry Plastics Corporation, by and through its attorneys, for its Complaint against Defendant, alleges as follows:

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendant's U.S. Patent No. 7,476,416 is invalid and unenforceable under the patent laws of the United States, Title 35, United States Code.

## PARTIES

2. Plaintiff, Berry Plastics Corporation is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 101 Oakley Street, Evansville, Indiana 47710. Except where otherwise noted, Berry Plastics Corporation is referred to herein as "Berry Plastics."

3. Defendant, Intertape Polymer Corporation is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3647 Cortez Road West, Bradenton, Florida 34210. Except where otherwise noted, Intertape Polymer

Corporation is referred to herein as "Intertape."

## JURISDICTION AND VENUE

4. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201, for the purpose of determining a case of actual controversy between the parties, as hereinafter more fully appears. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

5. Intertape is the listed assignee of U.S. Pat. No. 7,476,416 (the "'416 patent"), issued January 13, 2009.

6. Intertape is engaged in the business of manufacturing, distributing, and selling a variety of tapes including adhesive tapes.

7. Berry Plastics is engaged in the business of manufacturing and selling a variety of products including plastic packaging, thermoformed products, flexible films, tapes (including adhesive tapes) and coatings and directly competes with Intertape.

8. Intertape, through its attorneys, sent a notice letter dated November 12, 2009 (hereinafter "the Letter") to Berry Plastics asserting ownership of U.S. Pat. No. 7,476,416 and related published U.S. patent application Nos. US20070196572, US20070173622, US20080058483, and US20090048407. A copy of the Letter is attached hereto as Exhibit A. The Letter required Berry Plastics to take actions to avoid infringing Intertape's patent rights. The Letter also requested a visit by Intertape to Berry Plastics' plant prior to commercial production to ensure Intertape's patent rights are not violated. The '416 patent claims, *inter alia*, a process for preparing an adhesive including a step whereby primary raw materials are mixed in a compounding section of a planetary roller extruder with at least one spindle that is a double

transversal mixing spindle with a plurality of back-cut helical flights.

9. Berry Plastics has taken substantial steps in meaningful preparation for the manufacture and sale of adhesive tapes including substantial capital investment at one of its manufacturing plants for commercial production and sale of adhesive tapes.

10. Berry Plastics has purchased from Entex Rust & Mitschke GmbH (hereinafter "Entex") a planetary roller extruder having a double transversal mixing spindle with back cut helical flights for the purpose of manufacturing and selling adhesive for tapes.

11. The planetary roller extruder that Berry Plastics purchased from Entex has been installed in Berry Plastics' Franklin, Kentucky facility and is currently capable of producing adhesive for tapes.

12. Since at least May 3, 2010, Berry Plastics has been using the planetary roller extruder purchased from Entex to test and make adhesive for tapes.

13. Berry Plastics intends to be manufacturing and offering for sale tapes made with adhesive using the planetary roller extruder purchased from Entex by June 1, 2010.

14. By letter to Intertape's counsel dated January 22, 2010, Berry Plastics requested a covenant not to sue from Intertape with respect to any use of the Entex planetary roller extruder and any product made using that machinery. True and correct copies of that letter and the requested covenant not to sue are attached as Exhibits B and C. Intertape has advised through its counsel that it will not provide the requested covenant not to sue. Its counsel responded to Exhibits B and C with a letter dated March 4, 2010 stating that they "believe strongly that our client's patent is both valid and enforceable" and stating Intertape was "willing to resolve this matter by licensing Berry's production of duct tape under the '416 patent." A true and correct copy of that letter is attached as Exhibit D.

3

## COUNT I – UNENFORCEABILITY

15. Plaintiff Berry Plastics incorporates each of the preceding paragraphs 1-14 as if fully set forth herein.

16. Entex was an exhibitor at the National Plastics Expo, June 2003, Chicago, IL. (hereinafter "the Expo 2003").

17. Entex displayed extruder equipment and distributed brochures describing planetary extruders with double transversal mixing spindles with back cut helical flights at the Expo 2003. The brochures indicated that the planetary extruder having double transversal mixing spindles with back cut helical flights could be used to extrude rubber, a non-thermoplastic material to form an adhesive.

18. Two employees of Intertape, Mr. David Kovach and Mr. Thomas Lombardo, both named inventors on the '416 patent, were present at the Expo 2003.

19. Mr. Kovach and Mr. Thomas Lombardo visited Entex's exhibitor booth, where brochures describing the planetary extruder having double transversal mixing spindles with back cut helical flights were provided to them. A true and correct copy of the Entex brochure is attached hereto as Exhibit E.

20. The process of using the planetary extruder to extrude non-thermoplastic materials to form adhesive was explained to Mr. Kovach and Mr. Lombardo by Entex personnel at the Expo 2003.

21. On November 24, 2003, Intertape, through its counsel Mark P. Levy at Thomson Hine LLP, filed a provisional patent application titled "Process for preparing adhesive using planetary extruder" that was assigned U.S. Ser. No. 60/524,505 (herein after "the Provisional Application"). A true and correct copy of the Provisional Application is attached hereto as

Exhibit F.

22. Figure 1 of the Provisional Application is identical to the image of the double transversal mixing spindle with back cut helical flights of the Entex brochure that was provided to Mr. Kovach and Mr. Lombardo of Intertape by Entex at the Expo 2003.

23. The Provisional Application lists John Kinch Tynan, Jr., Richard Walter St. Coeur, David Michael Kovach, and Thomas Lombardo as inventors.

24. Intertape and one or more of the listed inventors John Kinch Tynan, Jr., Richard Walter St. Coeur, David Michael Kovach, and Thomas Lombardo, had knowledge of the Entex brochure that was publicly displayed at the Expo 2003 during the preparation and filing of the provisional application that included Figure 1.

25. On November 24, 2004, Intertape filed a non-provisional application titled "Process for preparing adhesive using planetary extruder." The non-provisional application was assigned U.S. Ser. No. 10/997,827 (hereinafter "the '827 application"). The '827 application claimed priority to the Provisional Application.

26. The '827 application lists John Kinch Tynan, Jr., Richard Walter St. Coeur, David Michael Kovach, and Thomas Lombardo as inventors.

27. On April 14, 2005 applicants filed executed declarations from the listed inventors acknowledging their duty to disclose information that is material to patentability and their knowledge of the priority benefit of the provisional application.

28. One or more of the listed inventors John Kinch Tynan, Jr., Richard Walter St. Coeur, David Michael Kovach, and Thomas Lombardo and/or their counsel had knowledge of Figure 1 of the Provisional Application, which is identical to the image of the double transversal mixing spindle with back cut helical flights of the Entex brochure provided to inventors Mr.

5

David Kovach and Mr. Tom Lombardo by Entex at the Expo 2003.

29. Intertape prosecuted the '827 application before the United States Patent & Trademark Office ("USPTO") and the '827 application issued as the '416 patent.

30. Intertape filed five separate Information Disclosure Statements on August 22, 2005; September 16, 2005; January 13, 2006; May 9, 2007; and October 4, 2007 during the prosecution of the '827 application.

31. Entex's public presentation of the planetary extruder for use with non-thermoplastic materials and the Entex brochure provided to Intertape at the Expo 2003 were material to the patentability of one or more claims of the '416 patent, because they teach and/or render obvious the claimed invention relating to the use of a planetary extruder having double transversal mixing spindles with back cut helical flights to process non-thermoplastic material to form an adhesive, and the examiner would have relied on this information to reject the presently patented claims.

32. The listed inventors of the '827 application and/or the prosecuting counsel did not disclose the material information regarding Entex's public presentation of the extruder for use with non-thermoplastic material to form an adhesive and the Entex brochure provided at the Expo 2003 in any of the Information Disclosure Statements filed by Intertape, and did not apprise the examiner of the material information for determining patentability of the then pending claims.

33. The '416 patent specification states that double transversal spindles are commercially available from Entex. Col. 4, lines 50-2 of the '416 patent. The listed inventors John Kinch Tynan, Jr., Richard Walter St. Coeur, David Michael Kovach, and Thomas Lombardo and/or the counsel of record had knowledge of the statement with respect to Entex in

6

the specification of the '416 patent, but failed to disclose the information in an information disclosure statement to the examiner.

34. The listed inventors of the '416 patent and/or the prosecuting counsel intentionally withheld material information regarding Entex's public presentation of the planetary extruder for use with non-thermoplastic materials to form an adhesive and the Entex brochure at the Expo 2003, which were prior to the earliest claimed priority date of the '416 patent.

35. The applicants committed inequitable conduct before the USPTO during the prosecution of the '416 patent by intentionally failing to disclose material information regarding Expo 2003 to the USPTO and the information provided by Entex relating to processing of non-thermoplastic material with the intent to mislead the USPTO.

36. Prior to the filing date of the priority Provisional Application of November 24, 2003, Entex recommended to Intertape the use of a planetary extruder having double transversal mixing spindles with back cut helical flights for processing non-thermoplastic materials to form an adhesive. Entex also provided Intertape with documents illustrating the planetary extruder having double transversal mixing spindles with back cut helical flights and provided photographs of the same. Intertape was aware that the claimed invention of the '416 patent was originally provided by Entex to Intertape prior to the filing date of the Provisional Application.

37. Intertape intentionally failed to disclose to the USPTO the material information that Entex provided to Intertape regarding the claimed use of a planetary extruder having double transversal mixing spindles with back cut helical flights for processing a non-thermoplastic material into an adhesive with the intent to mislead the USPTO.

38. The '416 patent is unenforceable because Intertape committed inequitable

7

conduct to obtain the '416 patent by intentionally failing to disclose material information that showed that Intertape did not invent the claimed invention of the '416 patent and that Entex provided the claimed invention to Intertape.

39. The '416 patent and any subsequent related applications are unenforceable because Intertape committed inequitable conduct by listing Intertape personnel as inventors who are not the actual inventors and excluded Entex personnel as inventors with deceptive intent to obtain the '416 patent.

40. Berry Plastics will be substantially and irreparably damaged if Defendant Intertape is permitted to assert patent rights based on the unenforceable '416 patent or any of its subsequent related patent applications and thereby prevent Berry Plastics from manufacturing and selling in the immediate future adhesive for tapes using the Entex planetary roller extruder now installed in its Franklin, Kentucky plant.

## COUNT II – PATENT INVALIDITY

41. Berry Plastics incorporates each of the preceding paragraphs 1-40 as if fully set forth herein.

42. The United States Patent No. 7,476,416 ("the '416 patent"), entitled "Process for preparing adhesive using planetary extruder" lists 2 independent claims and 32 dependent claims. A true and correct copy of the '416 patent is attached hereto as Exhibit G.

43. One or more claims of the '416 patent are invalid for failing to satisfy the written description and/or definiteness and/or enablement and/or best mode requirements of 35 U.S.C. § 112.

44. One or more claims of the '416 patent are invalid as being anticipated under 35 U.S.C. § 102.

45. One or more claims of the '416 patent are invalid under 35 U.S.C. § 102(f) because applicants themselves did not invent the subject matter sought to be patented and derived the invention from Entex.

46. One or more claims of the '416 patent are invalid as being invalid under 35 U.S.C. § 101.

47. One or more claims of the '416 patent are invalid under 35 U.S.C. § 256 because the applicants, with deceptive intent, omitted inventors, and named persons who are not inventors.

48. One or more claims of the '416 patent are invalid for being obvious under 35 U.S.C. § 103.

49. Berry Plastics will be substantially and irreparably damaged if Defendant Intertape is permitted to enforce the '416 patent or any of its subsequent related patent applications and thereby prevent Berry Plastics from manufacturing and selling in the immediate future adhesive for tapes using the planetary roller extruder now installed in its Franklin, Kentucky plant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief individually, cumulatively and/or alternatively:

(a) A judgment ordering that the '416 patent and any of its subsequent related patent applications are unenforceable due to inequitable conduct at the patent office;

(b) A judgment that one or more of Entex personnel are the sole inventors of the '416 patent;

(c) A judgment that one or more of Entex personnel are co-inventors of the

9

'416 patent;

(d) A judgment that the '416 patent is invalid under 35 U.S.C §§101, 102, 103 and/or 112;

(e) A declaration that Berry Plastics may use the planetary roller extruder in its Franklin, Kentucky plant free and clear of the '416 patent and any of its subsequent related patent applications;

(f) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(g) An award of Plaintiff's costs and expenses in this action; and

(h) Such further and other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: May 13, 2010

_____
James D. Johnson, Esq., Attorney #11984-49
**RUDOLPH, FINE, PORTER & JOHNSON, LLP**
221 N. W. Fifth Street
P.O. Box 1507
Evansville, Indiana 47708
Telephone:   (812) 422-9444
Facsimile:   (812) 421-7459
E-Mail:      jdj@rfpj.com

Daniel P. Albers
Jonathan P. Froemel
Mark J. Nahnsen
**BARNES & THORNBURG LLP**
One North Wacker Dr., Suite 4400
Chicago, Illinois 60606
Telephone: (312) 357-1313
Facsimile: (312) 759-5646

*Attorneys for Plaintiff Berry Plastics Corporation*

CHDS01 599062v1