# EXHIBIT B

# BARNES & THORNBURG LLP

Daniel P. Albers
(312) 214-8311
dalbers@btlaw.com

Suite 4400
One North Wacker Drive
Chicago, IL 60606-2833 U.S.A.
(312) 357-1313
Fax (312) 759-5646

www.btlaw.com

BY EMAIL AND CERTIFIED U.S. MAIL
RETURN RECEIPT REQUESTED

January 22, 2010

Mark. P. Levy
Thompson Hine LLP
2000 Courthouse Plaza, N.E.
10 W. Second Street
Dayton, Ohio 45402

Re: U.S. Pat. No. 7,476,416 / Intertape Polymer Group
Our Case No.: 5723-210327

Dear Mr. Levy:

We represent Berry Plastics Corporation ("Berry Plastics") in its intellectual property matters. All future correspondence in this matter should be directed to my attention. We received a copy of your letter to Berry Plastics dated November 12, 2009 alleging infringement of U.S. Pat. No. 7,476,416 (the '416 patent) and published U.S. applications US20070196572, US20070173622, US20080058483, and US20090048407 (the Intertape Intellectual Property).

In investigating the matters raised in your letter, we understand that Intertape employees, including Mr. David Kovach and Mr. Thomas Lombardo, attended the National Plastics Expo in June 2003 (hereinafter "Expo") in Chicago, where Entex Rust & Mitschke GmbH (hereinafter "Entex") was an exhibitor. At the Expo, Entex gave a presentation on a planetary extruder having double transversal mixing spindles with back cut helical flights (the "Noppenspindel") for use with non-thermoplastic materials to form adhesive and distributed brochures to Intertape describing the same at the Expo. The brochures indicate that such equipment is used with rubber, a non-thermoplastic material.

In addition, Mr. Kovach and Mr. Lombardo from Intertape visited Entex's exhibitor booth, where brochures describing the Noppenspindel was displayed. We also understand that Mr. Kovach and Mr. Lombardo were lectured by Entex regarding the use of the planetary extruder with the Noppenspindel for use with non-thermoplastic materials to form adhesive. Intertape had knowledge of Entex's public presentation on the planetary extruder using the Noppenspindel for non-thermoplastic materials. This is the same method that Intertape now claims it invented as claimed in the '416 patent. Despite having knowledge of the public display

Mark P. Levy
Page 2

and other information provided by Entex in June 2003, Intertape filed a provisional application within five months, in November 2003, using a photocopy of an image of the Noppenspindel provided by Entex and shown in their brochure, as Figure 1 in the provisional application. Intertape also filed and prosecuted the corresponding non-provisional application (U.S. Ser. No. 10/997,827) that resulted in the '416 patent. Even though Intertape had knowledge of Entex's prior invention, none of the information disclosure statements filed contained any reference to the 2003 Expo or Entex's public demonstration or publication prior to the filing date of the provisional application.

In addition, Intertape argued against the alleged non-obviousness of the claimed methods by stating that a skilled artisan would not consider adding a double transversal planetary spindle to a planetary extruder for processing non-thermoplastic materials. Yet, the Entex brochure, the public presentation, and information provided to Mr. Kovack and Mr. Lombardo showed that non-thermoplastic material (*e.g.*, rubber) was being used with planetary extruders having double transversal mixing spindles with back cut helical flights by Entex. Despite having knowledge of the Entex Noppenspindel at the 2003 Expo and brochures describing the same, these false statements regarding non-obviousness were made by Intertape through its counsel to the USPTO.

Intertape failed to disclose to the USPTO material information regarding Entex's public presentation of the planetary extruder having the Noppenspindel and the brochures describing the same that occurred prior to the filing date of the provisional application. Intertape also made false statements regarding non-obviousness before the USPTO to obtain the '416 patent. The failure to disclose the material information regarding patentability to the USPTO and false statements made regarding prior art render the '416 patent and all of its related applications invalid and unenforceable. Despite having this knowledge, Intertape now makes frivolous allegations of infringement that in turn, have needlessly increased the commercial production and litigation costs for Berry Plastics to defend its right to manufacture.

Prior to the filing of Intertape's provisional application, Entex provided documents to Intertape and first suggested the use of a planetary extruder having Entex's Noppenspindel for rubber. Entex also processed Intertape material in its planetary extruders equipped with the Noppenspindels. Despite this, Intertape excluded Entex personnel, from the '416 patent and instead named its own employees as inventors. We presume you have seen Entex's letter of December 28, 2009 to Intertape. A copy is also attached. None of this material information regarding inventorship was disclosed to the USPTO during the prosecution of the '416 patent or its related subsequent patent applications.

Given the conduct of Intertape, Berry Plastics has filed and we enclose a declaratory judgment complaint to invalidate and render unenforceable the '416 patent. Please understand that Berry Plastics will aggressively move for reimbursement of its litigation expenses, including attorney's fees, and costs to defend against Intertape's baseless allegations. We have not yet served the complaint on Intertape, but we will do so unless we can bring this matter to an expeditious resolution.

In order to resolve this matter, we demand that Intertape agree to a covenant not to sue Berry Plastics and its customers based on the '416 patent and any related applications or future

BARNES&THORNBURG LLP

Mark P. Levy
Page 3

related applications, for the use of any machinery Berry Plastics acquires from Entex relating to extrusion of non-thermoplastic material and any product resulting from the use of such machinery. A proposed covenant not to sue is enclosed. If Intertape agrees to such covenant, Berry Plastics will dismiss its complaint without prejudice. Please advise us within the next two weeks, before February 5th with respect to Intertape's response regarding the covenant not to sue.

Very truly yours,

BARNES & THORNBURG LLP

Daniel P. Albers

Cc: Jeff Thompson, Esq.

CHDS01 580640v1

BARNES&THORNBURG LLP