# EXHIBIT C

## COVENANT NOT TO SUE

This Covenant Not to Sue ("Agreement") is made and effective as of the (_____) day of _____, 2010, by and between Intertape Polymer Corporation (hereinafter "INTERTAPE"), a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3647 Cortez Road West, Bradenton, Florida 34210, and Berry Plastics Corporation (hereinafter "BERRY PLASTICS"), a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 101 Oakley Street, Evansville, Indiana 47710.

Whereas INTERTAPE is the listed assignee of issued U.S. Pat. No. 7,476,416 and has ownership interests in published U.S. applications US20070196572, US20070173622, US20080058483, and US20090048407 (collectively, hereinafter referred to as "the Intertape Intellectual Property"); and

Whereas BERRY PLASTICS is planning to manufacture, sell, distribute, and offer to sell a variety of tapes including adhesive tapes having an adhesive processed by a planetary extruder having double transversal mixing spindles with back cut helical flights with machinery purchased from Entex Rust & Mitschke GmbH (hereinafter "Entex");

Whereas INTERTAPE has sent a letter to BERRY PLASTICS putting them on notice of their rights in the Intertape Intellectual Property including U.S. Pat. No. 7,476,416;

Whereas BERRY PLASTICS has filed a declaratory judgment action (Civil Action Case No. 10-cv-00014) in the District Court, Southern District of Indiana (hereinafter "DJ Action") to *inter alia*, invalidate and render unenforceable U.S. Pat. No. 7,476,416; and

1

Whereas, the parties desire to settle and resolve all controversies and claims relating to The Intertape Intellectual Property and the DJ Action lawsuit to avoid the burden and expense of further litigation;

IN CONSIDERATION OF the mutual covenants contained herein, the parties stipulate and agree as follows:

1. This Agreement is entered into solely for the purpose of avoiding the burden and expense of further litigation and neither it nor any negotiations leading up to it is intended to be, or shall be construed as, an admission of fact or liability by either INTERTAPE or BERRY PLASTICS.

2. INTERTAPE covenants not to sue BERRY PLASTICS or any of its parents, subsidiaries, affiliates, any of the foregoing's respective past, present or future officers, directors, shareholders, employees, agents, attorneys, direct or indirect importers, suppliers, manufacturers, distributors, customers, users or any other parties for the importation, export, manufacture, use, sale, or offer for sale by BERRY PLASTICS or its subsidiaries or affiliates of Entex planetary extruders having double transversal mixing spindles with back cut helical flights and products manufactured using the same or a substantially similar process or equipment, including but not limited to any manufacture using machines or know-how provided by Entex for infringement or on any other theory including direct or indirect infringement, inducement or contribution, under the Intertape Intellectual Property or any other basis.

3. INTERTAPE also hereby grants BERRY PLASTICS a permanent, fully paid-up, irrevocable, non-terminable, non-exclusive, worldwide license under the Intertape Intellectual Property, as well as any patents or patent applications claiming priority therefrom, together with any divisionals, continuations, continuations-in-part, reissues, reexaminations and foreign

equivalents thereof, to make, have made, import, export, use, sell, and offer for sale. BERRY PLASTICS' rights hereunder shall be transferable by operation of law or in connection with the sale of any relevant portion of its business or substantially all of the assets of such portion of its business.

4. BERRY PLASTICS agrees to voluntarily dismiss the DJ Action without prejudice within ten (10) business days of the effective date of this Agreement.

5. This Agreement shall benefit and be binding upon the parties, successors and their respective assigns. INTERTAPE acknowledges and agrees that this covenant not to sue is extended on behalf of (and extends to) any and all of its affiliates, subsidiaries, and parents and runs with the title of the Intertape Intellectual Property for any activity, inducement, contribution, or infringement, direct or indirect, under the Intertape Intellectual Property.

6. This Agreement, including its validity and interpretation, shall be governed by Indiana Law, and the parties agree that the sole venue for enforcement of this Agreement shall be the United States District Court for the Southern District of Indiana.

7. This Agreement supersedes and abrogates all former verbal or written agreements between the parties hereto related to the subject matter hereof, and is the only agreement in existence between the parties and is not subject to change except by mutual agreement, in writing, signed by all parties.

8. The parties warrant and represent that each has been represented by counsel of their choice in connection with the review, approval and execution of this Agreement; that each has shown this Agreement to its respective attorney who has explained it and advised it that it is a legally binding contract; that each has read and understood this Agreement; and that each intends to be bound by each provision of this Agreement.

9. The parties declare and represent that no promise, inducement or agreement which is not specifically provided in this Agreement has been made by any party to this Agreement; that this Agreement contains the entire agreement among the parties; and that the terms of this Agreement cannot be modified except in writing signed by all of the parties.

10. This Agreement maybe executed in counterparts each of which shall constitute an original.

In witness thereof, the undersigned have executed this Agreement.

**Intertape Polymer Corporation**

_____  By:_____
Date
Name:_____

Title: _____

**Berry Plastics Corporation**

_____  By:_____
Date
Name:_____

Title: _____

CHDS01 580857v1