UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BERRY PLASTICS CORPORATION, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counter Defendant, | ) | |
| | ) | |
| v. | ) | 3:10-cv-76-RLY-WGH |
| | ) | |
| INTERTAPE POLYMER CORPORATION, | ) | |
| | ) | |
| Defendant and | ) | |
| Counter Claimant. | ) | |

### ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO COMPEL SUPPLEMENTAL INVALIDITY CONTENTIONS

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion by Defendant, Intertape Polymer Corporation, to Compel Supplemental Invalidity Contentions filed on November 3, 2011. (Docket Nos. 61-62). Plaintiff, Berry Plastics Corporation, filed its Response in Opposition on November 17, 2011. (Docket No. 64). Defendant's Reply Memorandum was filed on November 23, 2011. (Docket No. 67).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Defendant's Motion to Compel Supplemental Invalidity Contentions.

On February 7, 2011, Plaintiff, Berry Plastics Corporation ("Berry"), served "preliminary" invalidity contentions in compliance with this court's Case Management Plan for Patent Cases. That filing contained Berry's preliminary

contentions as to asserted claims, prior art that anticipates certain asserted claims or renders certain asserted claim obvious, and an "invalidity" chart.

The first 26 paragraphs of the preliminary contentions simply reference items of prior art. These 26 paragraphs are quite cryptic and are of little value to either the opposing party or the court to help illuminate what specifically is at issue in this case.

However, paragraph 27 begins to shed some light on the facts underlying assertions of invalidity, and the claim chart does limit the specific pieces of prior art that are alleged to apply to each claim element. The references to prior art in the claim chart do make reference to certain "columns" in the prior art or certain "pages" of the particular patents or documents upon which Berry relies.

The Magistrate Judge agrees with Intertape Polymer Corporation that absent from the preliminary disclosures is anything more than a "generic statement" that "the motivation to combine or modify the references is found in the references themselves and/or at least the nature of the problem(s) to be solved." (*See* Berry Plastics' Preliminary Invalidity Contentions at Docket No. 62, Attachment 1). These generic statements are not helpful to the court or the opposing party in attempting to identify the disputes between the parties.

Therefore, Berry is ordered to provide a brief narrative statement for each patent claim number appearing on its invalidity chart that summarizes in what manner the prior art listed in each column renders the claim element obvious or anticipated. The explanation required by this order need not cite to specific line

numbers, paragraph numbers, or figure numbers, but must explain in terms that can be readily understood by a trial court judge, who is not a patent specialist, how the particular pieces of prior art render the claim obvious or anticipated.

The supplementation of the preliminary contentions in this matter should be completed within thirty (30) days of the date of this order. Because the supplementation is of "preliminary" contentions, this supplementation will not be construed as a final statement by Berry. The court encourages Berry – in the interest of expediting the resolution of this case and simplifying decisions to be made by laymen – to limit the number of invalidity contentions to those most necessary for resolution of the dispute between the parties.

**SO ORDERED** the 1st day of December, 2011.

_William G. Hussmann, Jr._
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Daniel Paul Albers
BARNES & THORNBURG
dalbers@btlaw.com

Stephen J. Butler
THOMPSON HINE LLP
steve.butler@thompsonhine.com

Jonathan P. Froemel
BARNES & THORNBURG - Chicago
jfroemel@btlaw.com

James D. Johnson
RUDOLPH FINE PORTER & JOHNSON
jdj@rfpj.com

David L. Jones
JONES WALLACE, LLC
djones@joneswallace.com

Jeffrey C. Metzcar
THOMPSON HINE LLP
jeff.metzcar@thompsonhine.com

James E. Michel
BARNES & THORNBURG - Chicago
jmichel@btlaw.com