UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BERRY PLASTICS CORPORATION, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 3:10-cv-00076-RLY-WGH |
| | ) | |
| INTERTAPE POLYMER CORP., | ) | |
|     Defendant. | ) | |

**ENTRY ON INTERTAPE POLYMER CORPORATION'S RULE 72(a) OBJECTION TO THE MAGISTRATE JUDGE'S DENIAL OF REQUEST FOR RECONSIDERATION**

Plaintiff, Berry Plastics Corporation ("Berry"), is a direct competitor of Intertape Polymer Corporation ("Intertape"), in the manufacture and sale of a variety of tapes, including adhesive tapes. Intertape is the assignee of United States Patent No. 7,476,416 ("'416 patent") which claims, *inter alia*, a manufacturing process for preparing an adhesive using a specially modified planetary roller extruder ("PRE"). Independent claim 1 of the '416 patent recites the step of "introducing primary raw materials comprising a non-thermoplastic elastomer into a feeding section of a planetary roller extruder." Berry denies infringement of the asserted patent based on its assertion that it introduces a non-thermoplastic elastomer into its PRE in a section other than the "feeding section" of the PRE as claimed in the patent.

On August 29, 2011, Interstate filed a motion to compel inspection of Berry's PRE

1

and manufacturing process, including a request to test the identity of raw materials introduced into Berry's PRE. On October 17, 2011, Magistrate Judge Hussmann granted in part, and denied in part, Interstate's motion ("October 17 Order"). On November 1, 2011, Interstate simultaneously filed both an Objection with this court, and a separate motion to reconsider the October 17 Order with the Magistrate Judge. On November 28, 2011, the Magistrate Judge issued a Notation Order denying Interstate's motion to reconsider ("November 28 Order"). Interstate now brings a second Objection with this court. The parties indicate that the present Objection incorporates the Objection filed on November 1, 2011.

Pursuant to Federal Rule of Civil Procedure 72(a), Intertape's Objection claims certain rulings in the Magistrate Judge's October 17 and November 28 Orders are clearly erroneous. FED. R. CIV. P. 72(a) (stating that a magistrate judge's non-dispositive order shall be set aside, in whole or in part, if it is clearly erroneous or contrary to law). The October 17 Order denied Intertape's request to: (1) observe Berry's manufacturing process in operation, and (2) sample and test each material introduced into the feeding section of Berry's PRE during the observed manufacturing run.[1] In making his rulings, the Magistrate Judge balanced Intertape's need to inspect Berry's manufacturing facility against Berry's legitimate concern that Intertape may obtain other competitive and

---

[1] The October 17 Order also granted Intertape's motion for samples to test the accused adhesive products. In its Objection, Intertape seeks samples of the accused product actually produced *during the observed production run*. Because this issue dovetails with the issue of whether Intertape may observe Berry's manufacturing process in operation, the court will not address it as a separate issue.

proprietary information during its visual inspection of the machine in operation.  The Magistrate Judge determined that less intrusive means were available to obtain the same information and, therefore, "order[ed] Berry to provide to Intertape photographs and/or videotapes of *all* portions of the PRE (while in operation)" that Berry believes will show that its manufacturing process does not infringe the '416 patent.  The November 28 Order expounded upon the October 17 Order with regard to Intertape's request to sample each raw material Berry introduces into its PRE.  The Magistrate Judge again determined that less intrusive means were available to acquire that information, and suggested that Intertape conduct a deposition of a Berry representative with knowledge of those matters.  The Magistrate Judge ultimately concluded that the opportunity to depose a Berry representative, coupled with the previously ordered photographs and/or videotape of the accused manufacturing process while in operation, was a reasonable but less instrusive means for Intertape to determine if Berry is copying Interstate's manufacturing process.

    A ruling is clearly erroneous if it leaves the court "with a definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).  The Magistrate Judge's rulings do not leave the court with a definite and firm belief that a mistake has been made.  The Magistrate Judge balanced the interests of both parties, and came up with a fair and logical resolution for obtaining the information Intertape seeks.  Accordingly, Intertape Polymer Corporation's Rule

72(a) Objection to the Magistrate Judge's Denial of Request for Reconsideration (Docket # 75) is **OVERRULED**.

**SO ORDERED** this  30th  day of January 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Daniel Paul Albers
BARNES & THORNBURG
dalbers@btlaw.com

Stephen J. Butler
THOMPSON HINE LLP
steve.butler@thompsonhine.com

Jonathan P. Froemel
BARNES & THORNBURG - Chicago
jfroemel@btlaw.com

James D. Johnson
RUDOLPH FINE PORTER & JOHNSON
jdj@rfpj.com

David L. Jones
JONES WALLACE, LLC
djones@joneswallace.com

Jeffrey C. Metzcar
THOMPSON HINE LLP
jeff.metzcar@thompsonhine.com

James E. Michel
BARNES & THORNBURG - Chicago
jmichel@btlaw.com