UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BERRY PLASTICS CORPORATION,<br><br>    Plaintiff and<br>    Counter Defendant,<br><br>    v.<br><br>INTERTAPE POLYMER CORPORATION,<br><br>    Defendant and<br>    Counter Claimant. | 3:10-cv-76-RLY-WGH |

**ENTRY ON PLAINTIFF'S MOTION TO
COMPEL TESTIMONY AND DOCUMENTS**

This matter is before the Magistrate Judge on Plaintiff Berry Plastics Corporation's Motion to Compel Testimony and Documents ([Filing No. 183](#)) and Chief Judge Young's Order of Reference of December 19, 2013. The motion is fully briefed. ([Filing No. 184](#); [Filing No. 190](#); [Filing No. 192](#).) The Magistrate Judge, having considered the motion, the parties' filings, and relevant law, and being duly advised, hereby **DENIES** Berry's motion.

## I.     Introduction

At the outset, the Magistrate Judge wishes to emphasize the scope of this Entry. Berry asks the Court to invoke the crime-fraud exception to the attorney-client privilege to compel Intertape to produce documents and testimony it has withheld as privileged. This raises a question regarding the scope of discovery—and nothing more.

Berry offers numerous allegations and offered extensive evidence suggesting Intertape engaged in inequitable conduct or defrauded the United States Patent and Trademark Office (USPTO). Intertape responds with numerous defenses and extensive evidence suggesting its dealings with the USPTO were lawful and forthright. For the Magistrate Judge to determine whose account is truthful or whose evidence is most compelling would exceed his authority in this action and would be improper at this stage in the litigation. Whether Intertape has perpetrated a fraud upon the USPTO is one of the ultimate issues in the action and will be decided at trial before Chief Judge Young. (Filing No. 1 at ¶¶ 38–39, 45, 47.) Here, the Magistrate may consider only whether the parties' respective showings merit imposition of the crime-fraud exception to the attorney-client privilege during the discovery phase of the litigation.

## II. Legal Standard

A party to litigation is entitled to discover from his adversary "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Where federal law decides the case, federal common law determines the existence and applicability of any evidentiary privilege. Fed. R. Evid. 501; *see also United States v. BDO Seidman, LLP*, 492 F.3d 806, 814 (7th Cir. 2007).

Federal common law protects from discovery communications between attorneys and their clients, but the privilege is negated where the

communications are made in furtherance of a crime or fraud. *United States v. Zolin*, 491 U.S. 554, 562–63 (1983). When courts apply the attorney-client privilege, they compromise their truth-seeking mission in deference to the principle that justice is better served by ensuring free and frank discussions between attorneys and clients. *Id.* at 562. Because neither interest is promoted where a client seeks (or an attorney offers) advice to facilitate the perpetration of a crime or fraud, the privilege does not reach such communications. *Id.* at 562–63.

The parties agree that Federal Circuit precedent controls application of the crime-fraud exception in patent cases like this one. (*See* [Filing No. 184 at ECF p. 9](Filing No. 184 at ECF p. 9) *and* [Filing No. 190 at ECF p. 6](Filing No. 190 at ECF p. 6) (both applying *Unigene Labs., Inc. v. Apotex, Inc.*, 655 F.3d 1352 (Fed. Cir. 2011)).) To pierce the attorney-client privilege, Berry must present a prima facie showing that Intertape has engaged in common-law fraud. *E.g.*, *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 807 (Fed. Cir. 2000). To prevail, Berry must offer evidence demonstrating that:

1) Intertape made a false representation as to a material fact;
2) Intertape made its false representation with intent to deceive;
3) the USPTO justifiably relied upon Intertape's false representation; and
4) the USPTO suffered an injury as a consequence of its reliance on Intertape's false representation.

*Id.* (citing *Nobelpharma AB v. Implant Innovations*, 1141 F.3d 1059, 1069–70 (Fed. Cir. 1998)).

Piercing the attorney-client privilege is an "extreme remedy." *Unigene*, 655 F.3d at 1359. Allegations and evidence of mere inequitable conduct are insufficient. *E.g., Spalding*, 203 F.3d at 807. Berry must present evidence that gives color to its allegations of fraud and justifies the Court in demanding an explanation from Intertape. *E.g., Peerless Indus., Inc. v. Crimson AV LLC*, No. 11 C 11768, 2013 WL 605006 at *3 (N.D. Ill. Nov. 14, 2013) (citing *BDO*, 492 F.3d at 818) (patent case). If the Court finds Intertape's explanation satisfactory, it must leave the privilege in tact. *Id.*

### III. Discussion

The Magistrate Judge finds that Berry has not presented the lofty showing necessary to overcome Intertape's responses and pierce the attorney-client privilege. The facts concerning fraud are strongly contested. Simply put, the Magistrate finds Intertape's explanations plausible enough to avoid the harsh remedy imposed by the crime-fraud exception. Specifically, the Magistrate notes:

- Berry alleges broadly that Entex invented the substance of the '416 patent and that Intertape therefore defrauded the USPTO by claiming to be its original inventor. ([Filing No. 184 at ECF pp. 16–17](#), [22–23](#).) In response, Intertape explains that the '416 patent covers a process for compounding adhesives and that Entex has invented only machinery that could be used to effectuate that process. ([Filing No. 190 at ECF pp. 9–10](#).) The Magistrate Judge finds Intertape's explanation sufficient to maintain its claim of privilege at this stage.

- Berry alleges that Intertape defrauded the USPTO by failing to disclose Entex's contributions—including prior art, literature, and photographs—to its compounding process. ([Filing No. 184 at ECF p. 17–18](#).) In response, Intertape raises questions about the extent and materiality of Entex's contributions and the sufficiency of its disclosures to the USPTO.

4

([Filing No. 190 at ECF pp. 10–16](#).) The Magistrate Judge finds too many unresolved questions to allow invocation of the crime-fraud exception.

- Similarly, Berry accuses Intertape of defrauding the USPTO by failing to disclose certain written communications from Entex during and after the patent application process. ([Filing No. 184 at ECF pp. 18–19](#).) In response, Intertape raises serious questions as to the nature of those communications and the existence and scope of any duty to report them. ([Filing No. 190 at ECF pp. 16–18](#).) Again, the Magistrate Judge finds that Intertape has raised sufficient questions of law and fact to maintain its claim of privilege.

- Finally, Berry finds fraud in Intertape's efforts to distinguish its compounding process from others preceding it. ([Filing No. 184 at ECF pp. 19–21](#), [23–24](#), [25–27](#).) In response, Intertape offers facially reasonable explanations of their differences and raises serious questions about whether arguments to distinguish patented processes can constitute fraud. ([Filing No. 190 at ECF pp. 18–23](#).) At this stage, the Magistrate Judge can conclude only that Intertape has offered plausible explanations of good faith efforts to distinguish its process, and those explanations suffice to maintain its claim of privilege.

Berry has assembled arguments and marshalled evidence that may prove inequitable conduct—and possibly even fraud—at trial. Coupled with Intertape's responses, however, the Magistrate Judge cannot find that Berry has demonstrated fraud to the extent necessary to justify piercing Intertape's attorney-client privilege.

## IV. Conclusion

For the reasons explained above, the Magistrate Judge **DENIES** Berry's Motion to Compel.

**SO ORDERED** the 3rd day of March, 2014.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.