UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BERRY PLASTICS CORPORATION, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counter Defendant, | ) | |
| | ) | |
| v. | ) | 3:10-cv-76-RLY-WGH |
| | ) | |
| INTERTAPE POLYMER CORPORATION, | ) | |
| | ) | |
| Defendant and | ) | |
| Counter Claimant. | ) | |

**ORDER UPON IN CAMERA REVIEW,
PURSUANT TO PRIOR COURT ORDER (DKT. 201)**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to his prior Entry on Defendant's Motion to Compel Production of Documents entered February 21, 2014, which ordered Berry and non-party Triad Sales, LLC, to produce certain documents for in camera review. Berry's and Triad's Notice of Compliance on Defendant's Motion to Compel the Production of Documents (Dkt. 201) was filed ex parte on February 28, 2014. (Dkt. 204.) The Magistrate Judge has now completed in camera review of these items and issues the following orders:

1. The Magistrate Judge has reviewed the Supplemental Privilege Log for documents identified in "Appendix 1" of the motion at issue. The Magistrate

finds that the Supplemental Privilege Log properly shows that the attorney-client privilege applies and that the common interest doctrine is not the sole source of the claim of privilege. A review of the log itself convinces the Magistrate that there is a good faith basis for claiming attorney-client privilege on the documents listed in that appendix. Therefore, no disclosure of the items listed in "Appendix 1" is warranted.

2. With respect to the documents found in "Appendix 3" of the original motion, the Magistrate Judge has reviewed in camera these documents (now provided as Exhibits B & C to Dkt. 204). Of the 516 pages reviewed, a large portion of these documents (at least 200 pages, if not more) are written in the German language. The Magistrate Judge's working knowledge of German is extraordinarily marginal – limited to a few words and phrases taught to him by his Grandfather, a Lutheran Minister who preached in German. However, the information identifying the authors and recipients of these documents convinces the Magistrate that these are documents exchanged between parties who share a common legal interest. The vast bulk of the documents involve communications between Ralf Quack, Michael Derksen, and Michael Batton. Other persons who are copied or addressed all contain email addresses that include "@berryplastics.com," "@triadsales.com," and "@entex.de." There are only a handful of documents that appear to be sent to Jerry Serra and Chris

Hockstedler that contain an email address that is "@cov.com," which appears to reference "Covalence."[1] The Magistrate concludes that the documents in "Appendix 3" are between parties who share a common legal interest. Unless Intertape can show that Covalence was not closely related to Berry at the time these documents were created, none of the documents that are found in "Appendix 3" would appear to be between parties not sharing a common legal interest as previously discussed by the Magistrate. In the event Covalence is not related to Berry in a close manner, the handful of documents which were sent directly to Covalence representatives may have been sent to an entity that does not have a legal interest that is common between Berry, Triad, and Entex. Only those documents sent to a Covalence representative would need to be provided in that event.

The documents reviewed are also shown to have involved attorney-client privilege. The vast bulk of the documents relate to drafts of the "Common Interest Agreement" between the parties thereto. Almost all copies reflect communications to or from Barnes & Thornburg lawyers. There are a handful of innocuous documents arranging meetings and addressing and scheduling a December 2009 or January 2010 common interest technical trial of machinery. These documents all reference that "trial" as a part of the parties' actions relevant to determining their legal position in relation to the patent at issue. In

---

[1] Berry and Covalence were separate companies that merged in 2007. *See* http://www.berryplastics.com/catalog/content/corporate/history.

short, the Magistrate concludes that the documents provided all can reasonably be construed as attorney-client and common interest protected documents. None of them need to be produced in the future.

**SO ORDERED.**

**Dated:** July 2, 2014

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**