UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BERRY PLASTICS CORPORATION,           ) | |
|                                                                  ) | |
|          Plaintiff and                               ) | |
|          Counter Defendant,                 ) | |
|                                                                  ) | |
|     v.                                                      ) | 3:10-cv-76-RLY-WGH |
|                                                                  ) | |
| INTERTAPE POLYMER CORPORATION,  ) | |
|                                                                  ) | |
|          Defendant and                          ) | |
|          Counter Claimant.                    ) | |

**ENTRY ON BERRY'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND TESTIMONY**

This matter is before me, William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff and Counter Defendant Berry Plastics Corporation's Motion to Compel Production of Documents and Testimony (Filing No. 223.)  The matter is fully briefed.  (Filing No. 224; Filing No. 240; Filing No. 246.)  Being duly advised, I **DENY** the motion.

I.      **Background**

Berry initiated this litigation in 2010 when it asked the Court to declare U.S. Patent No. 7,476,416 (the '416 patent) unenforceable.  (Filing No. 1.)  In 2009, the United States Patent and Trademark Office (PTO) assigned the '416 patent to Intertape, recognizing several Intertape employees as inventors of a process for using a planetary rolling extruder (PRE) to prepare adhesives.  (Filing No. 24 at ¶¶ 5, 8.)  When Intertape learned shortly thereafter that Berry

intended to begin using a PRE to prepare adhesives, Intertape asserted its patent rights. (Filing No. 1-1 at ECF p. 2.) Berry responded by pre-emptively filing this suit.

As one basis for unenforceability, Berry asserts that Intertape engaged in "inequitable conduct" before the PTO. (Filing No. 1 at ¶¶ 35–39.) In short, Berry alleges that Intertape failed to disclose material information about pre-existing inventions (the details of which are superfluous here) when it sought its patent from the PTO. (*Id.*) Berry now argues that Intertape has waived attorney-client privilege as to certain evidence bearing on the inequitable conduct claims and asks the Court to compel Intertape to produce that evidence.

## II.   Legal Standard

A party to litigation is entitled to discover from his adversary "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice." *Genentech, Inc. v. United States Int'l Trade Comm'n,* 122 F.3d 1409, 1415 (Fed. Cir. 1997); *accord Sandra T.E. v. S. Berwyn Sch. Dist. 100,* 600 F.3d 612, 618 (7th Cir. 2009). As the party averring waiver, Berry bears the burden of proving that Intertape has waived its privilege. *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-cv-1797, 2011 WL 2623306 at *6 (E.D. Pa. July 5, 2011).

When federal law controls resolution of the matter, federal common law controls questions of privilege. *United States v. BDO Seidman, LLP*, 492 F.3d 806, 814 (7th Cir. 2007) (applying Fed. R. Evid. 501). Whether Intertape has waived privilege by defending against Berry's allegations of inequitable conduct is a question of substantive patent law controlled by Federal Circuit precedent, but Berry's waiver-by-disclosure and privilege-log arguments are controlled by Seventh Circuit law. *See Meds. Co. v. Mylan, Inc.*, 936 F. Supp. 2d 894, 899–900 (N.D. Ill. 2013). I address the specific law controlling each issue one-by-one below.

## III. Discussion

Berry raises six separate bases for waiver. Finding none availing, I decline to compel Intertape to produce any evidence in response to Berry's motion. However, I **ORDER** both parties to take certain steps to conclude discovery in this matter, and I **ORDER** Intertape to file notice of its intent to raise at trial any defense that would compel production consistent with this Entry.

### A. Intertape has not asserted prosecution counsel's advice as a defense to Berry's charges of inequitable conduct.

Berry claims that Intertape has waived privilege by defending Berry's charges of inequitable conduct by asserting reliance on advice from the attorneys who represented it during prosecution of the '416 patent. Numerous district courts have held that a patentee waives attorney-client privilege as to evidence of inequitable conduct when it raises counsel's advice as a defense to inequitable conduct. *See, e.g.*, *Meds. Co.*, 936 F. Supp. 2d at 905; *Starsight*

3

*Telecast, Inc. v. Gemstar Dev. Corp.*, 158 F.R.D. 650, 653–54 (N.D. Cal. 1994). So a patentee may not assert counsel's advice as a defense to inequitable conduct but then refuse to disclose that advice because it is privileged. *See, e.g., Meds. Co.*, 936 F. Supp. 2d at 905.

    This widely applied waiver rule took on new importance after the Federal Circuit "tighten[ed] the standards" for proving inequitable conduct in hopes of stemming an "'absolute plague'" of inequitable conduct claims in *Therasense, Inc. v. Becton, Dickinson and Co.* 649 F.3d 1276, 1289–90 (Fed. Cir. 2011) (quoting *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988)). A party claiming inequitable conduct now must prove "that the patentee acted with the specific intent to deceive the PTO" through "clear and convincing evidence that the applicant knew of [a] reference, knew that it was material, and made a deliberate decision to withhold it." *Id.* at 1290. As Judge Lynch recently explained, "the heightened standards of *Therasense* make inquiry into counsel's and client's patent prosecution decisions—and the knowledge base underlying them—a natural avenue of discovery." *In re Method of Processing Ethanol Byproducts and Related Subsystems ('858) Patent Litigation,* Master Case Nos. 1:10-ML-02181-LJM, 1:13-mc-00058-LJM-DML, 2013 WL 3820593 at *5 (S.D. Ind. July 23, 2013). In other words, if a patentee rebuts a charge of inequitable conduct by claiming, "We didn't intend to deceive anyone—we just listened to our lawyer," communications between attorney and client may be probative of the patentee's intent. *Id.*

4

Although my colleagues have applied this waiver doctrine widely, they have disagreed about what a patentee must do to invoke counsel's advice as a defense to inequitable conduct. In *Brigham and Women's Hospital Inc. v. Teva Pharmaceuticals USA, Inc.*, for example, the District of Delaware set a comparatively low bar for establishing waiver. See 707 F. Supp. 2d 463 (D. Del. 2010). In that case, a named inventor indicated that he discussed his duty of disclosure with prosecution counsel, disclosed all information he thought relevant to counsel, and relied on counsel to determine what must be disclosed to the PTO. Id. at 470. Prosecution counsel confirmed that he discussed the duty of disclosure with the named inventors and in-house counsel and made final decisions about what to disclose. Id. at 471. And, trial counsel stated "that they intended to defend against the claim of inequitable conduct by calling the inventors and prosecuting attorneys at trial to testify that they believed in good faith that they disclosed to the PTO all material information of which they were aware." Id. In the end, the court found that the patentee had raised advice of counsel as a defense and invoked waiver. Id.

In *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.*, the Western District of Pennsylvania articulated a more demanding test for proponents of waiver. See 227 F.R.D. 382 (W.D. Pa. 2005). A patentee waives privilege, the court held, only by explicitly asserting that it failed to submit prior art because counsel advised it to withhold. Id. at 396. Otherwise, the court explained, the opponent of a patent's validity "conceivably could abrogate the attorney-client privilege of the opposing party by merely asserting the

5

defense of inequitable conduct." Id. On the facts of that case, the court found that the patentee waived privilege when its in-house counsel voluntarily raised the rationale she discussed with the inventors and outside counsel as a defense to inequitable conduct charges. Id. at 396–97.

Lacking any guidance from the Federal Circuit or a precedent from our Court, I apply the more demanding standard established in *Martin Marietta Materials*. A patentee does not necessarily assert a defense by testifying that he understood his duty to disclose, that he disclosed all material references to counsel, and that counsel decided what to disclose to the PTO. Such a porous standard would enable the party asserting inequitable conduct to eviscerate privilege simply by posing interrogatories or deposition questions to which those facts might be truthful answers.

A patentee should not be found to have waived privilege through this doctrine unless it has represented that it would have disclosed material references but for counsel's advice to do otherwise. This approach accords with the fundamental principle that only the client—not the client's attorney, and certainly not the client's adversary—may waive the attorney-client privilege. See In re Seagate Tech., LLC, 497 F.3d 1360, 1372 (Fed. Cir. 2007). Moreover, I find this approach more consistent with *Therasense*, which sought to diminish tenuous inequitable conduct litigation. See 648 F.3d at 1289–90.

Intertape has not—at least in the documents Berry has furnished— asserted reliance on counsel's advice as a defense to Berry's charges of inequitable conduct. In direct responses to deposition questioning by Berry,

6

named inventor John Tynan testified that he provided all prior art that he discovered to prosecution counsel. ([Filing No. 224-14 at lines 105:5–11](#).) And Tynan and prosecution counsel Mark Levy both testified that prosecution counsel made final decisions regarding what to disclose to the PTO. (*See* [Filing No. 224-4 at lines 318:4–7](#), [327:4–24](#), [333:19–334:9](#); [Filing No. 224-14 at lines 105:1–20](#), [177:21–178:3](#); [Filing No. 224-29 at lines 143:21–144:8](#).) But these are benign factual statements offered in direct response to Berry's deposition questions. They do not indicate in the least that Intertape knew of prior art, disclosed it to prosecution counsel, and then withheld it from the PTO on counsel's decision or advice. Accordingly, Intertape has not waived privilege by these statements.

I cannot, however, bar discovery on this subject and leave open the possibility that Intertape will raise reliance on counsel's advice as a defense at trial. I therefore **ORDER** Intertape must file notice of any intent to raise such a defense (as described in this Entry) no later than August 15, 2014. If Intertape files notice, it must also produce by August 30 any evidence and testimony that would respond to Berry's discovery requests and deposition questions and that would tell what prior art prosecution counsel advised or decided against disclosing to the PTO and why counsel advised or decided against disclosing it. Intertape may not withhold such evidence on the basis of attorney-client privilege, but it may avail itself of any applicable privilege not addressed in Berry's motion. If Intertape does not timely notify the Court, it may not raise this defense at trial.

### B. Intertape has not asserted prosecution counsel's good faith as a defense to Berry's charges of inequitable conduct.

Berry argues next that Intertape has waived privilege by asserting that its prosecution attorneys acted in good faith before the PTO and that it therefore lacked intent to deceive. Some district courts have held that a patentee waives privilege as to evidence of inequitable conduct by asserting counsel's good faith as a defense to charges of inequitable conduct. *Pall Corp. v. Cuno Inc.*, 268 F.R.D. 167, 169–70 (E.D. N.Y. 2010). But Intertape has not waived privilege on this basis.

Intertape has not raised its prosecution attorneys' good faith as a defense to Berry's inequitable conduct claims. Levy has testified that he was aware of certain information that he ultimately concluded did not merit disclosure to the PTO. (*See* Filing No. 224-29 lines 147:11–24, 148:7–14, 190:17–191:4, 253:14–254:4.) Levy also has testified that he intended to disclose certain information to the PTO. (*Id.* at lines 160:24–161:9, 162:9–15, 168:2–21.) And fellow prosecuting attorney John Kane has testified that he never learned of certain information that Berry contends Intertape should have disclosed to the PTO. (Filing No. 224-30 at lines 96:13–16, 108:13–17, 145:16–21, 161:21–162:2, 162:25–164:22.) But nearly all these statements were offered in direct response to Berry's deposition questions. Only a few statements from Kane (*id.* at lines 161:21–162:2, 162:25–164:22) were offered in response to Intertape's questions, and I read them as summing up the earlier testimony, not asserting a defense. It is not as though Intertape has offered similar testimony or

8

assertions in its answer or in support of its summary judgment motion. (*See* [Filing No. 24](#); [Filing No. 270](#).)

Again, I hold that, to waive privilege by asserting some fact as a defense to a charge of inequitable conduct, a party must implicate privileged communications by voluntarily asserting the fact as a defense. *Accord. Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, No. 03 C 2934, 2007 U.S. Dist. LEXIS 17224 (N.D. Ill. Mar. 8, 2007). Berry cites precedents in which courts have found privilege waived based on a patentee's responses to its opponent's deposition questions. *E.g.*, [*Server Tech., Inc. v. American Power Conversion*, No. 3:06-CV000698-LRH, 2011 WL 1447620 (D. Nev. Apr. 14, 2011)](#). But none bind this Court, and I adhere to the well-settled principle that a party may only waive privilege voluntarily. *See* [*Seagate*, 497 F.3d at 1372](#). Because Intertape has not voluntarily raised prosecution counsel's good faith as a defense to Berry's inequitable conduct claims, it has not waived privilege by these statements.

I also **ORDER** again that, if Intertape wishes to raise counsel's good faith as a defense (as described in this Entry) at trial, it must file notice of its intent no later than August 15, 2014. If Intertape files notice, it must also produce by August 30 any evidence and testimony that would respond to Berry's discovery requests and deposition questions and that would tell what prior art prosecution counsel advised or decided against disclosing to the PTO and why counsel advised or decided against disclosing it. Intertape may not withhold such evidence on the basis of attorney-client privilege, but it may avail itself of

9

any applicable privilege not addressed in Berry's motion. If Intertape does not timely notify the Court, it may not raise this defense at trial.

### C. Intertape has not waived privilege by placing the invention's conception date at issue.

Berry argues that Intertape has waived privilege as to evidence of inequitable conduct by claiming (in the course of this litigation) that it conceived its patented process before the date it communicated to the PTO. (*See* Filing No. 224 at ECF pp. 33–34.) As the sole authority for this argument, Berry cites *Bayer AG v. Housey Pharmaceuticals, Inc.* for the rule that a patentee waives privilege by taking "a position on conception that put[s] privileged materials at issue." (*See* Filing No. 224 at ECF p. 33 (citing No. Civ. A. 01-148-SLR, 2002 WL 31433303 at *1 (D. Del. June 20, 2002)).) But I do not read *Bayer* as asserting such a rule.

*Bayer* appears[1] to tackle a wholly inapposite legal question. I infer that the court already ruled in a previous entry that the patentee had waived privilege as to evidence of the conception date, and I read the order Berry cites as elaborating on the scope of that waiver. *See* Bayer, 2002 WL 31433303 at *1 ("The question is whether . . . the waiver of privilege is appropriately limited to the subjects of conception . . . "). So the true issue in that case seems to be whether the patentee nevertheless retained privilege as to evidence of ownership—not whether it waived privilege as to evidence of conception. (*Id.*)

---

[1] *Bayer* is a two-page memorandum opinion featuring no explanation of its factual or procedural background and a single reference to legal precedent. It therefore is not an ideal genesis for a broadly applicable legal principle.

10

But even if *Bayer* stood for the exact rule that Berry advances, I would not find that Intertape has waived privilege under that rule. Although Berry cites deposition testimony and briefs that seem to place the patented process's conception date in issue, Berry has not cited any reference to privileged communications. (*See* [Filing No. 224 at ECF p. 25](#).) Therefore, I find no legal authority or factual basis to support a conclusion that Intertape has waived privilege by placing its patented process's conception date at issue.

### D. Intertape has not waived privilege by producing the St. Coeur memo.

Berry argues that Intertape has waived privilege by producing a memorandum from inventor Rich St. Coeur to Tynan reporting the results of rubber mastication trials. ([Filing No. 224 at ECF p. 28](#).) When a party discloses a privileged attorney-client communication, it also waives privilege as to all other attorney-client communications on the same subject matter. *[Meds. Co., 936 F. Supp. 2d at 902–904](#)*. But not all communications between attorneys and clients are privileged. As Chief Judge Young already has ruled in the course of this litigation, attorney-client communications that contain purely factual information are not privileged. ([Filing No. 236 at ECF p. 4](#).)

Intertape did not waive privilege by producing the St. Coeur memo because it is not a privileged attorney-client communication. The memo's contents are purely factual: They simply report the results of the trial. ([Filing No. 224-25](#).)

Berry argues that Tynan must have requested the memo for the purpose of rendering legal advice because he asserted privilege when refusing to explain

11

why he requested it. (*See* Filing No. 246 at ECF p. 14.) But this argument is unavailing. Tynan asserted privilege in response to the question, "What was the purpose of those studies," not a question about why he requested the memo. (*See* Filing No. 224-29 at lines 48:1–10.) Moreover, Tynan asserted both work-product immunity and attorney-client privilege in refusing to answer. (*Id.*) I find no reason why the memo must be privileged solely because Tynan relied on privilege to protect his mental impressions about why it was necessary, and Berry has offered no legal authority to support such a conclusion. I therefore decline to find that Intertape waived privilege by disclosing the memo.

### E. Intertape has not waived privilege by producing highlighted copies of prior-art patents.

Similarly, Berry argues that Intertape has waived privilege by producing copies of two other patents that have been marked with a highlighter pen. (Filing No. 224-38; Filing No. 224-39; Filing No. 224-40.) The copies apparently came from either Tynan's or Kane's prosecution files. (*See* Filing No. 224-4 at lines 222:18–223:5.) But the copies include no discernable communication. And, even if the copies communicated some decipherable message, neither party has provided any information demonstrating that an attorney drafted them to communicate legal advice or requested them for the purpose of dispensing legal advice. Finding no basis to conclude that the highlighted copies constitute attorney-client communications or reflect an attorney's work product or mental impressions, I cannot conclude that Intertape has waived any privilege by producing these documents.

**F. Intertape has not waived privilege through its privilege logs.**

Finally, Berry argues that Intertape has waived privilege by serving incomplete privilege logs long after they were due. ([Filing No. 224 at ECF pp. 34–37](#).) In response, Intertape assures the Court that it has shown good faith and diligence in compiling and serving its privilege logs, and it lobs comparable allegations back at Berry. ([Filing No. 240 at ECF pp. 27–31](#).) Berry also contends that Intertape must be withholding evidence because it has referenced documents in deposition testimony that would be responsive to Berry's discovery requests but have neither been produced nor logged. ([Filing No. 224 at ECF p. 35](#).)

I find that this dispute is not properly resolved by a finding of wide-ranging waiver of Intertape's privilege. Parties must log the evidence they withhold as privileged, and failure to serve a timely and complete privilege log may trigger waiver. [Fed. R. Civ. P. 26(b)(5)](#); *[Jones v. Hamilton Cnty. Sheriff's Dept.*, No. IP 02-0808-C-H/K, 2003 WL 21383332 at \*3–4 (S.D. Ind. June 12, 2003)](#). But a finding of waiver for failure to timely serve a privilege log is not compulsory, and it would not be appropriate here, where both parties have engaged in some delay and Berry has not identified specific privileged documents that Intertape has withheld without logging.

In short, neither party appears to have been significantly prejudiced. Both parties are here voluntarily: Berry brought its suit pre-emptively after Intertape asserted its patent rights, and Intertape has levied a counterclaim against Berry. The subject matter is complex and necessarily implicates

13

volumes of documents, and the litigation has been raging on for over four years. The docket is quickly approaching 300 entries, all of which have been hotly contested. In litigation so complex and so zealously prosecuted, some items inevitably will be pushed down the road. This necessarily prejudices the other litigants competing for attention on the Court's crowded docket. But the parties here have made their beds and now must lie in them.

The Federal Rules of Civil Procedure intend for parties to fulfill their discovery obligations without constant supervision of the judiciary. They—along with the Rules of Professional Conduct by which all attorneys are bound—also demand that counsel for both parties fulfill those obligations forthrightly and without deception. I trust the parties in this case and their attorneys to follow these rules, and all represent that they have.

Therefore, I find no basis to sanction either party with waiver. This does not relieve either party of its ongoing responsibilities to fulfill any outstanding discovery request and supplement any responses. *See* Fed. R. Civ. P. 26(e). I **ORDER** each party to do so no later than August 15, 2014. If a party believes then that its adversary still has failed to produce or log specific responsive documents, it then may file a final motion to compel production of specifically identified documents—not a wide ranging motion to compel based on waiver of a privilege—no later than August 30.

## IV. Conclusion

I find no basis upon which to conclude that Intertape has waived privilege, so I **DENY** Berry's motion and decline to compel Intertape to produce

14

any evidence on the basis of waiver. I nevertheless **ORDER** the parties to fulfill any outstanding discovery obligations consistent with Section III(F) of this Entry. I further **ORDER** Intertape to file notice of any intent to raise reliance-on-advice-of-counsel or counsel's-good-faith defenses and complete any consequent discovery consistent with Sections III(A) and (B) of this Entry.

    Finally, because I have now issued a public opinion on Berry's motion, I believe the public is entitled to review whether I have performed my function properly. I therefore direct the Clerk to unseal the motion, briefs, and exhibits I have considered (Filing No. 223; Filing No. 224; Filing No. 240; Filing No. 246) at the final pretrial conference scheduled for October 3, 2014, unless the parties first file a motion establishing good cause to maintain those documents under seal and the Court issues a supplemental order maintaining the seal.

    **SO ORDERED** this 18th day of July, 2014.

                                        */s/ William G. Hussmann, Jr.*
                                        William G. Hussmann, Jr.
                                        United States Magistrate Judge
                                        Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**