UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BERRY PLASTICS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:10-cv-00076-RLY-WGH |
| ) | |
| INTERTAPE POLYMER ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON BERRY PLASTICS CORPORATION'S MOTION IN LIMINE**

The court held a jury trial in this patent infringement lawsuit between Intertape Polymer Corporation, the owner of United States Patent No. 7,476,416 ("'416 patent"), and its competitor in the adhesives industry, Berry Plastics Corporation, from November 3, 2014, to November 17, 2014. Berry's inequitable conduct claim against Intertape remains for resolution, and is scheduled for a three-day bench trial beginning on Monday, December 7, 2015. To prevail, Berry must prove "by clear and convincing evidence that [Intertape] knew of [a prior art] reference, knew that it was material, and made a deliberate decision to withhold it." *Therasense, Inc. v. Becton, Dickinson & Co.,* 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc).

In the wake of *Therasence,* the intent element is extremely difficult to prove. *Id.* ("[T]o meet the clear and convincing evidence standard, the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" (quoting *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357 1366 (Fed. Cir.

1

2008)). In an effort to strengthen its case, Berry moved to compel Intertape to produce documents and testimony deemed subject to the attorney-client privilege. Berry argued Intertape waived the privilege by asserting prosecution counsel's advice and/or counsel's good faith during the patent prosecution process as a defense to Berry's charges of inequitable conduct. (*See* Filing No. 451, Berry's Motion to Compel Production of Documents and Testimony). The court found Intertape did not waive the privilege and denied the motion. Berry now moves *in limine* for an order precluding Intertape from introducing any testimony or evidence at trial regarding: (1) a defense of reliance on the advice of counsel or (2) documents or counsel testimony regarding counsel's alleged good faith (or lack of deceptive intent) in prosecuting the applications leading to the '416 patent. Berry argues it would unfairly prejudice its interests to deny it discovery on those subjects, yet leave open the possibility that Intertape will raise those defenses at trial. For the reasons set forth below, Berry's Motion in Limine is **DENIED**.

    According to Berry, previous deposition and trial testimony reflect that Intertape seeks to present a "two-pronged" inequitable conduct defense during the inequitable conduct trial: (1) "the alleged inventors gave all material information in their possession to prosecution counsel and relied on prosecution counsel to make disclosure determinations"; and (2) "Intertape's patent prosecution counsel's failure to disclose this material information was excused because they lacked knowledge, proper documentation and intent (i.e., the alleged good faith defense)." (Filing No. 491, Berry's Motion in

Limine at 3). Prong (1) is based on the trial testimony of John Tynan.[1] Prong (2) is based on the *counter-designated* deposition testimony of Mr. Kane[2] and the trial testimony of Mr. Levy.[3]

Three salient facts guide the court's ruling. First, Intertape represents that it will not assert reliance on advice of counsel and counsel's good faith at trial. The court has no reason to doubt Intertape's representation. Second, Intertape will not be calling Mr. Kane and Mr. Levy to testify as witnesses at trial, and it has not designated any deposition testimony from Mr. Kane as part of its own case. And third, the court has already held that the testimony upon which Berry bases its motion (and testimony

---

[1] (*See* Filing No. 391, Tynan Tr. at 74-75 ("Well, my understanding of the process is you file the application and submit all prior art and anything that you think would be associated with your invention to the Patent Office. They consider all these materials, and they make a determination whether or not your invention is worthy of patent protection; *see also id.* at 124-25 (stating that "any prior art that [he] had or [his] team had, [they] turned over to legal counsel, and they would have handled the communication with the Patent Office"); *id.* at 164 (testifying that he gave over prior art to the Patent Office through counsel).

[2] *See, e.g.*, Filing No. 224-30 at 98 ("Q: Are you aware of any reference available to the patent examiner that would establish that a double transversal mixing spindle having a plurality of back-cut helical flights was available as prior art in a planetary roller extruder against this 416 Patent application? A: Well, we had the statement in the application itself saying that they were available, commercially available.), *id.* at 103("Q: Okay. At the time you filed this response, had you been informed that Intertape had gathered evidence that the Beiersdorf patent process, according to the 47 [sic] patent, actually masticated the rubber? A: No.").

[3] (Filing No. 401, Levy Tr. at 74) ("Q: Now, as you were putting together the '416 patent application and enforcing the prosecution, did you have any written information or any publication that described a back-cut helical spindle? A: We had a photograph of one. Q: Did you have any information that would be appropriate for you to submit in the course of an information or other disclosure? A: We knew the back-cut spindle was available from Entex.").

strikingly similar to it) does not amount to an assertion of the defenses of reliance on advice of counsel or counsel's good faith. For example, in the court's Entry on Berry's Motion to Compel Production of Documents and Testimony, the court found that Mr. Tynan did not assert reliance on advice of counsel at trial by testifying that he gave his counsel prior art and relied on counsel to determine what should be submitted to the Patent and Trademark Office. (*See* Filing No. 289, Entry on Berry's Motion to Compel Production of Documents and Testimony at 12). The court reasoned: "A patentee should not be found to have waived privilege through [reliance on advice of counsel] unless it has represented that it would have disclosed material references but for counsel's advice to do otherwise." (*Id.* at 6; *see also* Filing No. 471, Entry on Berry's Motion to Compel Production of Documents and Testimony at 5). Likewise, the court found that Intertape's designated testimony of Mr. Kane to *counter* those deposition designations submitted by Berry did not amount to an assertion of the good faith defense because Intertape's counter-designations merely served to "put Berry's designations into context." (*See* Filing No. 471 at 9). Lastly, the court found Mr. Levy's trial testimony did not amount to an assertion of the good faith defense. "Berry, not Intertape, called Mr. Levy as a witness" and "Berry, not Intertape, raised the issue of Mr. Levy's beliefs." (*Id*. at 7, 10). *See Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987) (holding that defendant did not assert good faith where it did nothing more than present evidence to "counter any negative inference that might be drawn" from plaintiffs' allegations); *Domestic Sales Corp. v. Intertherm, Inc.*, No. S87-81, 1988 U.S. Dist. LEXIS 19362, at *40 (N.D. Ind. Mar. 28, 1988) (holding that the patent holder did not inject the issue of its

4

patent prosecution's knowledge into the case: "it was [the alleged infringer] which raised the issue of inequitable conduct as a defense to [the patent holder's] infringement action; it was [the alleged infringer] which called [the patent holder's] attorneys . . . as witnesses; and it was [the alleged infringer] which questioned those witnesses regarding their knowledge"). These rulings apply with equal force here. Berry's Motion in Limine (Filing No. 491) is therefore **DENIED**. Intertape is not precluded from offering the same or similar testimony at the inequitable conduct trial.

**SO ORDERED** this 30th day of November 2015.

                                                      RICHARD L. YOUNG, CHIEF JUDGE
                                                      United States District Court
                                                      Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.