UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BERRY PLASTICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:10-cv-00076-RLY-WGH |
| | ) | |
| INTERTAPE POLYMER CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON BERRY PLASTICS CORPORATION'S MOTION FOR RULING ON DEPOSITION OBJECTIONS**

Plaintiff, Berry Plastics Corporation, moves for a ruling: (1) sustaining Berry's objections to Intertape Polymer Corporation's designation of counsel John Kane's testimony and hereby striking the same (or permitting discovery), and (2) overruling Intertape's objection to Berry's inclusion into the trial record of designated deposition testimony from the depositions of John Tynan and Intertape under Federal Rule of Civil Procedure 30(b)(6). For the reasons explained below, Berry's objection to Intertape's counter-designation of Mr. Kane's deposition testimony is **OVERRULED** and its motion to overrule Intertape's objection to the designated deposition testimony of Mr. Tynan both as an individual and as Intertape's 30(b)(6) designee is **DENIED**.

**I. Discussion**

Berry raises two objections with respect to Intertape's counter-designations of Mr. Kane's deposition. First, it argues Intertape is asserting Mr. Kane's good faith through its

1

designations of counsel testimony. Second, it argues four of Intertape's counter-designations do not clarify or provide context for Berry's designations, in violation of Federal Rule of Civil Procedure 32(a)(6) and Federal Rule of Evidence ("FRE") 106. These rules generally provide that if a party offers in evidence only part of a deposition, writing, or recorded statement, the opposing party may introduce other parts that in fairness should be included.

Berry's first objection is overruled for the reasons explained in the court's prior rulings holding that Intertape is not asserting the defense of counsel's good faith in prosecuting the applications leading to the '416 patent. (*See* Filing Nos. 224, 293, 325, 452, 491, 502). Berry's second objection is overruled because Intertape's counter-designations do, in fact, clarify or complete Berry's designations. For example, Berry designated the following:

Q: Did you submit prior art information that you believe was not material?

A: Not typically.

(Filing No. 492-4, Kane Dep. at 60: 18-20). Intertape then designated Mr. Kane's testimony that immediately followed:

Q: So your standard practice is you submit information you think is material to the patentability of the application?

A: That's typically what we do.

Q: And you submitted all the Beiersdorf references you had because you thought that they were material to patentability?

A: I believe we submitted what we had, yes.

(*Id.* at 60:21-61:5).  Berry objected to the second question and answer above citing Rule 32(a)(6) and FRE 106.  Intertape's counter-designation clarifies that Mr. Kane typically submitted all material prior art to the Patent and Trademark Office, and the second question specifies that he included "what [they] had" regarding the Beiersdorf patents.

Next, Berry moves for a pretrial order overruling Intertape's objection to the introduction of the deposition testimony of Mr. Tynan and the Rule 30(b)(6) deposition testimony of Mr. Tynan pursuant to Federal Rule of Civil Procedure 32(a)(3).  That rule provides:

> **(3)  Deposition of Party, Agent, or Designee**.  An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

Mr. Tynan will testify live at trial; therefore, Intertape objects to Mr. Tynan's depositions being used at trial to the extent they are repetitious of his live testimony.

The court finds Intertape's objection has merit.  Although Rule 32(a)(3) provides that 30(b)(6) depositions may be used "for any purpose," nothing in the rule "indicates that they may be used *at any time* or *in any manner*  as a party sees fit." *Gonzalez Prod. Sys, Inc. v. Martinrea Int'l Inc.*, No. 13-cv-11544, 2015 U.S. Dist. LEXIS 122517, at *4 (E.D. Mich. Sept. 15, 2015) (emphasis in original).  To allow Mr. Tynan's deposition testimony to be read into the record would undermine the court's preference for live testimony and the significance of cross-examination.  *Id*. (citation omitted).  This is particularly true here, where the court, as the finder of fact, is called upon to examine Mr. Tynan's demeanor and weigh the credibility of his testimony.  Accordingly, Berry may

only introduce Mr. Tynan's deposition testimony under two circumstances: (1) if it is not repetitious of his live testimony and (2) for purposes of impeachment.

## II. Conclusion

With respect to Berry's Motion for Ruling on Deposition Objections (Filing No. 492), the court rules as follows: (1) Berry's objections to Intertape's counter-designations of the deposition testimony of John Kane are **OVERRULED** and (2) Berry's motion to overrule Intertape's objection to the introduction of that deposition testimony is **DENIED**.

**SO ORDERED** this 4th day of December 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.