UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BERRY PLASTICS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:10-cv-00076-RLY-WGH |
| | ) | |
| INTERTAPE POLYMER CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON BERRY PLASTICS CORPORATION'S
MOTION FOR JUDICIAL NOTICE**

Plaintiff, Berry Plastics Corporation, requests that the court take judicial notice of the European Patent Office ("EPO") patent opposition prosecution history of European Patent No. 1,056,584 pursuant to Federal Rules of Evidence ("FRE") 201, 803 and 902, and to admit the same into evidence in the inequitable conduct trial scheduled to begin December 7, 2015. For the reasons set forth below, Berry's motion is **GRANTED in part**, and **DENIED in part**.

**I.    Background**

The EPO patent opposition history is attached to Berry's motion as Exhibits 1-3. Exhibit 1, PTX-202, is the 3M Opposition prosecution history documents downloaded from the European Patent Office's "European Patent Register." Exhibit 2 is a certified copy of the opposition proceeding regarding European Patent Application 99906236.7

1

relating to the 3M Opposition. Exhibit 3, PTX-150, is 3M's eight-page reply in the opposition proceedings; attached to it is a German patent the parties refer to as "D4."

During depositions, Berry questioned only two witnesses regarding Exhibit 3, Mark Levy and John Kane. Mr. Levy testified that he was unsure whether he ever reviewed the document previously. (Filing No. 224-29, Levy Dep. at 132:21-133:1). Mr. Kane testified that he did not remember the document, and he was unsure whether it was one of the documents that he provided to Mr. Levy from the 3M opposition. (Filing No. 224-30, Kane Dep. at 66:1-8). When Berry questioned Mr. Kane about D4, he responded he did not recall seeing that patent. (*Id*. at 67:2-11). In addition, no witness has been asked about Exhibit 1 in deposition or at trial.

On November 6, 2015, the parties filed their final exhibit lists for the inequitable conduct bench trial. (Filing Nos. 487-88).

On November 19, 2015, after the parties' meet and confer to discuss the authenticity and admissibility of exhibits for the bench trial, Berry produced for the first time the certified copy of the 3M opposition proceedings. (Filing No. 501-1, Jenike-Godshalk Dec. ¶ 9).

**II.   Discussion**

A court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Judicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties." *Gen.*

2

*Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Before taking judicial notice of an adjudicative fact, "[a] high degree of indisputability is the essential prerequisite," Fed. R. Evid. 201 advisory committee's note, because "'the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed,'" *Gen. Elec. Capital Corp.*, 128 F.3d at 1083 (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

"[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Jones*, 29 F.3d at 1553 (quoting *Liberty Mut. Ins. Co. v. Rotches Port Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (internal quotation marks omitted)). "Accordingly, a court may take judicial notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.'" *Id.* (citing *United States v. Garland*, 991 F.2d 328, 332 (6th Cir. 1993)). *See also Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) (noting "the decision of another court or agency, including the decision of an administrative law judge, is a proper subject of judicial notice") (citations omitted); *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 n. 2 (Fed. Cir. 2001) (taking judicial notice "that patentability of the second family '784 patent has recently been confirmed"); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n.3 (Fed. Cir. 1990) (taking "judicial notice of the 'adjudicative fact' of the January 8, 1990, first office action on reexamination, rejecting the Hawkins claims"); *Kraft Foods Holdings, Inc. v. Helm*, No.

02 C 2171, 2002 WL 31473843, at * 6 (N.D. Ill. Nov. 4, 2002) (noting that although the Seventh Circuit has not, "other circuit courts have taken judicial notice of trademark registrations or documents certified by the United States Patent and Trademark Office").

Intertape argues that Berry has failed to establish that Exhibits 1 and 3 are authentic public documents that the court may judicially notice. Berry argues the documents are self-authenticating pursuant to FRE 902(3) and (12).

FRE 902(3) (Foreign Public Documents) and FRE 902(12) (Certified Foreign Records of a Regularly Conducted Activity) provide that foreign documents are self-authenticating if certified by a government official or signed by one subject to the penalty of perjury. Fed. R. Evid. 902(3) ("The document must be accompanied by a final certification that certifies the genuineness of the signature and official position of the signer or attester . . . ."); Fed. R. Evid. 902(12) (stating the "certification . . . must be signed in a matter that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed"). As Intertape properly notes, neither Exhibit 1 nor Exhibit 3 have been certified and thus, are not self-authenticating.

Because Exhibits 1 and 3 are not self-authenticating, Berry "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). To this end, Berry's counsel, Mark Hagedorn, filed a declaration stating that he downloaded Exhibits 1 and 3 from the EPO Patent Register. (*See* Filing No. 497-13, Hagedorn Dec. ¶¶ 3, 5). He included in his declaration the link from which the documents are directly accessible. (*Id*. ¶ 3). Mr. Hagedorn also attached to his declaration a printout from the webpage identifying the documents set forth in Exhibit 3.

4

The printout is nearly six and-a-half pages long; the documents total over 900 pages. Mr. Hagedorn testified that the pages of Exhibit 3 are contained within Exhibits 1 and 2 (the certified copy). (*Id.* ¶ 5).

A public record may be authenticated with evidence that it "is from the office where items of this kind are kept." Fed. R. Evid. 901(B)(7). "A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself." *Qui Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013). *See also Gent v. CUNA Mut. Ins. Society*, 611 F.3d 79 (1st Cir. 2010) (taking judicial notice of facts on CDC website); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information from official government website). By clicking on the link to the EPO website from Mr. Hagedorn's declaration, the court was able to find Exhibit 3 by virtue of its filing date. The court therefore concludes that it may take judicial notice of the adjudicative fact that Exhibit 3 was filed on September 12, 2007; the contents of the document, however, are not admissible under FRE 201. Berry will have to move for its admission at trial. The court will not take judicial notice of Exhibit 1 though because the court is not able to readily verify its authenticity. To do so would require the court to open each of the 198 documents found on the EPO website and compare each document with Exhibit 1.

Exhibit 2, a certified copy of the 3M opposition proceeding obtained from the EPO, satisfies the rule for self-authenticating documents. Again, the court may take judicial notice of the adjudicative fact that the 3M opposition was filed with the EOP, but beyond that, it is not clear what adjudicative facts Berry asks the court take from that

opposition history. The contents of Exhibit 2 are not admissible. Berry produced Exhibit 2 two weeks after the parties filed their Final Exhibit Lists. The court finds the admission of this document this close to trial would prejudice Intertape.

### III. Conclusion

The court finds it may take judicial notice of Exhibit 2 and Exhibit 3 to establish the adjudicative fact that the documents were filed with the EPO, but may not take judicial notice of Exhibit 1. Accordingly, Berry's Motion for Judicial Notice (Filing No. 497) is **GRANTED in part** and **DENIED in part**. Berry's request that the documents be admitted as evidence at trial is **DENIED**.

**SO ORDERED** this  4th  day of December 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

6