UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BERRY PLASTICS CORPORATION, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counter Defendant, | ) | |
| | ) | 3:10-cv-00076-RLY-MPB |
| vs. | ) | |
| | ) | |
| INTERTAPE POLYMER | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant and | ) | |
| Counter Plaintiff. | ) | |

**ORDER DIRECTING ISSUANCE OF FINAL JUDGMENT**

Plaintiff and Counter Defendant, Berry Plastics Corporation, filed a Complaint for

Declaratory Judgment against the Defendant and Counter Plaintiff, Intertape Polymer

Corporation, seeking a declaration that Intertape's United States Patent No. 7,476,416 is

invalid and unenforceable.  Intertape filed a Counterclaim, since amended, charging

Berry with infringing the '416 Patent.  Berry's claims of invalidity and Intertape's claim

of infringement were tried to a jury from November 3 to November 17, 2014.  The jury

found that Berry did not prove by clear and convincing evidence that Claims 1, 6, 7, 8,

10, 11, 12, 21, 22, 23, 24, 25, 27, 31, 32, 33, and 34 of the '416 Patent were invalid as

anticipated under 35 U.S.C. § 102; were invalid as obvious under 35 U.S.C. § 103; were

invalid because the '416 Patent failed to name the proper inventors under 35 U.S.C. §

256; were invalid because the claims were derived from others under 35 U.S.C. § 102(f);

or were invalid because Intertape did not first conceive of the invention.  In addition, the

jury found that Intertape failed to prove by a preponderance of the evidence that Berry

infringed Claims 1, 6, 7, 8, 10, 11, 12, 21, 22, 23, 24, 25, 27, 31, 32, 33, and 34 of the

'416 Patent.

Following the jury trial, the parties filed a number of post-trial motions, including

Berry's Renewed Motion for Judgment as a Matter of Law that U.S. Patent No.

7,476,416 is Invalid as Obvious.  On September 30, 2015, the court granted that motion.

Intertape thereafter filed a Motion for Reconsideration and, on June 3, 2016, the court

granted the motion with respect to the unasserted dependent claims.  Therefore, the court

found, as a matter of law, that independent claims 1 and 21, and dependent claims 6, 7, 8,

10, 11, 12, 22, 23, 24, 25, 27, 31, 33, and 34 are invalid as obvious.  The court denied the

following post-trial motions as moot:

(1)     Defendant's Motion for New Trial (Filing No. 447);

(2)     Plaintiff's Renewed Motion for Judgment as a Matter of Law that the '416 Patent
        Is Invalid Based on Derivation and Improper Inventorship (Filing No. 383);

(3)     Plaintiff's Motion for Findings of Fact, Conclusions of Law, and Judgment Under
        Rules 52(a) and 58 that All Claims of the '416 Patent Are Invalid as Indefinite
        (Filing No. 387); and

(4)     Defendant's Motion for Leave to Re-File Defendant's Motion for Summary
        Judgment on Plaintiff's Affirmative Defense of Inequitable Conduct
        (Filing No. 465).

Lastly, the court held a bench trial on Berry's inequitable conduct claim on

December 7-8, 2015.  The court issued its Findings of Fact and Conclusions of Law on

August 25, 2016, ruling that Berry failed to prove, by clear and convincing evidence, that

the '416 patent is unenforceable due to inequitable conduct.

  Judgment reflecting the same shall now issue in a separate document.


**SO ORDERED** this 30th day of September 2016.

              _____
              RICHARD L. YOUNG,  CHIEF JUDGE
              United States District Court
              Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.